**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Staffing Services Association of Illinois, American Staffing Association, ClearStaff Inc., M.M.D. Inc. d/b/a The AllStaff Group, Inc., TempsNow Employment and Placement Services LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 1:23-cv-16208 |
| vs. | ) ) | |
| Jane R. Flanagan, solely in her capacity as the Director of the Illinois Department of Labor, | ) ) ) | |
| Defendant. | ) ) | |

## NOTICE PURSUANT TO ILLINOIS SUPREME COURT RULE 19

1. Plaintiffs Staffing Services Association of Illinois, American Staffing Association, ClearStaff Inc., M.M.D. Inc. d/b/a The AllStaff Group, Inc., and TempsNow Employment and Placement Services LLC, by their attorneys at Locke Lord LLP, state as follows:

2. Plaintiffs hereby notify Defendant, solely in her capacity as Director of the Illinois Department of Labor, of their challenge to provisions of the Illinois Day and Temporary Labor Services Act (820 ILCS 175 *et seq.*) and its related emergency and proposed regulations (Ill. Admin. Code tit. 56, §§ 260.100 *et seq.*). Plaintiffs provide this notice pursuant to Illinois Supreme Court Rule 19.

3. These provisions of the Illinois Day and Temporary Labor Services Act, alongside their related regulations, violate the Supremacy Clause of the United States Constitution and are therefore preempted by the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1001 *et seq.*), the Affordable Care Act ("ACA") (42 U.S.C. §§ 18001 *et seq.*), and the National Labor Relations Act ("NLRA") (29 U.S.C. §§ 151 *et seq.*). In addition, these statutory

provisions and regulations violate the Illinois and United States Constitutions' due process clauses. U.S. Const. amend. XIV, § 1; Ill. Const. art. I, § 2.

4.      ERISA preempts Section 42 of the amendments to Illinois Day and Temporary Labor Services Act (820 ILCS 175/42) and its related regulations because they are (1) connected to and (2) reference ERISA plans.

5.      The ACA preempts Section 42 of the amendments to Illinois Day and Temporary Labor Services Act (820 ILCS 175/42) and its related regulations because they hinder and impede the ACA's implementation of uniform rules governing the provision of health care plans.

6.      The NLRA preempts Section 11 of the amendments to Illinois Day and Temporary Labor Services Act (820 ILCS 175/11) and its related regulations because they regulate an area Congress sought to leave to private employers and employees and impermissibly increase employees' Section 7 labor rights.

7.      Section 67 of the amendments to Illinois Day and Temporary Labor Services Act (820 ILCS 175/67) and its related regulations are unconstitutionally unreasonable, oppressive, arbitrary, and capricious in violation of the due process clauses of the Illinois and United States Constitutions.

DATED: November 22, 2023         Respectfully Submitted,

/s/ *Matthew T. Furton*
Matthew T. Furton
(mfurton@lockelord.com)
Julie C. Webb
(jwebb@lockelord.com)
Heidi L. Brady
(heidi.brady@lockelord.com)
Joshua A. Skundberg
(josh.skundberg@lockelord.com)
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606

AND

Carl C. Scherz, *Pro Hac Vice Forthcoming*
(cscherz@lockelord.com)
Locke Lord LLP
2200 Ross Avenue
Dallas TX, 75201

AND

Bradley S. Levison
(brad@hlhlawyers.com)
Herschman Levison Hobfoll PLLC
401 S. LaSalle St.
Ste. 1302G
Chicago, IL 60605
*Attorney for Plaintiff M.M.D. Inc. d/b/a The AllStaff Group, Inc.*