IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Staffing Services Association of Illinois; American Staffing Association; ClearStaff Inc.; M.M.D. Inc. d/b/a The AllStaff Group, Inc.; TempsNow Employment; and Placement Services LLC, <br><br>    Plaintiffs, <br><br>        v. <br><br>Jane R. Flanagan, solely in her capacity as the Director of the Illinois Department of Labor, <br><br>    Defendant. | Case No. 1:23-cv-16208 <br><br> Hon. Thomas M. Durkin |

**JOINT SUBMISSION AS TO THE SCHEDULE FOR
RESOLUTION OF THE PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION AND DEFENDANT'S EXPECTED MOTION TO DISMISS**

In accordance with the Court's Standing Order, the parties hereby submit the following joint statement regarding the process for resolution of two motions, the Plaintiffs' Motion for Preliminary Injunction, which was filed on December 21, 2023, and the Defendant's expected Motion to Dismiss.

1.    Plaintiffs filed their complaint on November 22, 2023, and served Defendant on November 30, 2023. ECF 1, 15. Defendant's current deadline to answer or otherwise plead is December 21, 2023. Fed. R. Civ. P. 12(a)(1)(A)(i). Plaintiffs are amenable to an extension of that deadline, but the parties were not able to reach agreement on an alternative deadline for that filing or the briefing of any motion to dismiss filed by Defendant. Accordingly, Defendant filed a motion for extension of time on December 21, 2023, that references a joint filing that discussed the timing for filing and briefing of any motion to dismiss.

2.    Plaintiffs filed a Motion for Preliminary Injunction Defendants on December 21, 2023 that references a joint filing regarding the process and timing for resolution of that motion.

135767817v.2

3. Consistent with the Court's standing order, the parties have discussed the briefing schedule that would govern both motions. The parties have been unable to agree on the details of that briefing schedule. The parties' respective positions are set forth in the table below:

| Event | Defendant's Position | Plaintiffs' Position |
|---|---|---|
| **Defendant's Motion to Dismiss and Response to Expected Motion for PI** | Combined Brief on January 26, 2024 | January 12, 2024 for Response to Motion for PI; January 19, 2024 for Motion to Dismiss |
| **Plaintiffs' Response to Motion to Dismiss and Reply on Motion for PI** | Combined Brief on February 23, 2024 | January 26, 2024 for Reply on Motion for PI; February 2, 2024 for Response to Motion to Dismiss |
| **Defendant's Reply on Motion to Dismiss** | March 8, 2024 | February 9, 2024 |
| **Hearing on Motion for PI** | At the Court's convenience and if deemed necessary | February 13, 2024 |

4. The Defendant submits the following statement regarding this proposed schedule:

   a. In Defendant's view, the schedule she proposes above is appropriate given that (a) the statute being challenged in this suit was enacted on August 4, 2023, but the primary contested provision does not become effective until April 1, 2024; (b) Plaintiffs took over three months after the statute's enactment to file the complaint; and (c) now, more than a month later and just before the Christmas and New Year's holidays, Plaintiffs claim they intend to file a motion for a preliminary injunction in the coming days. Plaintiffs' delays in filing their complaint and preliminary injunction motion (combined with the impending holidays) justify giving Defendant until January 26, 2024 to file her motion to dismiss and respond to the expected preliminary injunction motion.

    b. In addition, Defendant's combined briefing schedule on both motions will reduce the amount of duplicative briefing for the Court to review.

    c. Finally, because the challenged statute does not become effective until April 1, 2024, Defendant contends that Plaintiffs face no prejudice or harm from giving Defendant until January 26 to file a motion to dismiss and respond to the expected preliminary injunction motion. Defendant's schedule would still complete briefing on the preliminary injunction motion by February 23, 2024, over a month before the statute's April 1, 2024 effective date.

5. The Plaintiffs submit the following statement regarding this proposed schedule:

    a. A reasonably swift process is appropriate in this matter because there are exigent circumstances brought into existence by recently passed legislation and related regulatory rules adopted on an emergency basis. Recently enacted amendments to the Day and Temporary Labor Services Act, 820 ILCS 175/1 et seq. and related rules are currently effective, and failure to comply can result in loss of licensure and imposition of extraordinarily large civil penalties. Staffing agencies in the State of Illinois are currently experiencing irreparable harm that justifies immediate injunctive relief. As demonstrated in Plaintiff's Brief in Support of Their Motion for Preliminary Injunction, these laws and their related emergency rules are causing and will continue to cause irreparable harm to an industry that employs at least 650,000 people in the State of Illinois in the form of compliance costs, lost

      business opportunities, exposure to enforcement actions that could result in loss of licensure or substantial civil penalties.

b. The details about the effective date of the newly enacted laws and related emergency rules are complicated in part because some aspects of the law were modified by legislation signed into law on November 17, 2023. That legislation delayed the effective date for some but not all of the new obligations. Although that provided some breathing room for the temporary staffing industry and their clients, the laws that are currently in effect are imposing irreparable harm, and the industry expects the irreparable harm to increase when additional legal obligations become effective on April 1, 2024.

c. The Plaintiffs would propose a faster schedule that set forth above, but they recognize the challenges presented by the holidays and the complexity of the facts and law in this matter. The Plaintiffs' proposed schedule provides more than ample time to prepare the necessary papers and prepare for an evidentiary hearing.

d. This action was brought and is being prosecuted in a manner consistent with the exigent circumstances. The Complaint was filed mere weeks after the comment period on emergency rules was completed and just before the first date a key legal obligation with a 90-day latency period was expected to become impactful. This matter has been prosecuted with reasonable speed considering the complexity of the facts and applicable laws and the fact that

4

plaintiff's lead counsel experienced a death in the family in December 2023.

The parties respectfully request that the Court set a schedule for resolution of the two motions.

Dated: December 21, 2023

Respectfully submitted,

/s/ Matthew T. Furton
Matthew T. Furton
(mfurton@lockelord.com)
Julie C. Webb
(jwebb@lockelord.com)
Heidi L. Brady
(heidi.brady@lockelord.com)
Joshua A. Skundberg
(josh.skundberg@lockelord.com)
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606

Carl C. Scherz, *Pro Hac Vice Forthcoming*
(cscherz@lockelord.com)
Locke Lord LLP
2200 Ross Avenue
Dallas TX, 75201
*Attorneys for Plaintiffs*

Bradley S. Levison
(brad@hlhlawyers.com)
Herschman Levison Hobfoll PLLC
401 S. LaSalle St.
Ste. 1302G
Chicago, IL 60605
*Attorney for Plaintiff M.M.D. Inc. d/b/a The AllStaff Group, Inc.*

5

KWAME RAOUL,
Attorney General of Illinois, on behalf of Defendant Jane R. Flanagan

By: /s/R. Henry Weaver

R. Henry Weaver
Office of the Illinois Attorney General
115 S. LaSalle St.
20th Floor
Chicago, IL 60603
(773) 590-6838
*robert.weaver@ilag.gov*

6