IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Staffing Services Association of Illinois; American Staffing Association; ClearStaff Inc.; M.M.D. Inc. d/b/a The AllStaff Group, Inc.; TempsNow Employment and Placement Services LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>Jane R. Flanagan, solely in her capacity as the Director of the Illinois Department of Labor,<br><br>    Defendant. | Case No. 1:23-cv-16208<br><br>Hon. Thomas M. Durkin |

## PRELIMINARY INJUNCTION ORDER

For the reasons stated in the Court's Order dated March 11, 2024 (ECF #45), which the parties agree do not need to be restated in this Order, the relief requested in the Motion for Preliminary Injunctive Relief filed by Plaintiffs Staffing Services Association of Illinois, American Staffing Association, ClearStaff Inc., M.M.D. Inc. d/b/a The AllStaff Group, Inc., and TempsNow Employment and Placement Services LLC (ECF #21) is granted in accordance with the following terms.

Defendant Jane R. Flanagan, solely in her official capacity as the Director of the Illinois Department of Labor, is preliminarily enjoined from taking any actions to enforce the provisions of Section 42 of the Act requiring day and temporary labor service agencies, as defined by 820 ILCS 175/5, to pay or provide the "equivalent benefits" or "the hourly cash equivalent of the actual cost [sic] benefits," referred to herein as the "Benefits Provisions," to any natural person who contracts for employment with a person or entity engaged in the business of employing day or temporary laborers to provide services, for a fee, to or for any third party client pursuant to a contract with the day and temporary labor service agency and the third party client. Actions

enjoined by this Order include enforcement actions and civil actions. Enjoined actions also include issuing any right to sue letter related to an allegation of a violation of the Benefit Provisions and the sending of any "notice of complaint to the named parties alleged to have violated this Act" pursuant to Section 67(a)(2) (825 ILCS 175/67(a)(2) & (b)) of the Act if the complaint in question alleges a violation of the Benefits Provisions, which the parties agree is a condition precedent to an interested party commencing a civil action alleging a violation of the Benefit Provisions without a right to sue letter.

    Plaintiffs are not required to give security.

Dated: March 18, 2024

_Thomas M Durkin_
Hon. Thomas M. Durkin
United States District Judge