IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Staffing Services Association of Illinois; American Staffing Association; ClearStaff Inc.; M.M.D. Inc. d/b/a The AllStaff Group; TempsNow Employment; and Placement Services LLC, <br><br>     Plaintiffs, <br><br>         v. <br><br>Jane R. Flanagan, solely in her capacity as the Director of the Illinois Department of Labor, <br><br>     Defendant. | Case No. 1:23-cv-16208 <br><br> Hon. Thomas M. Durkin |

**PLAINTIFFS' MOTION TO MODIFY THE
PRELIMINARY INJUNCTION OR TO ISSUE AN INDICATIVE RULING[1]**

Plaintiffs hereby move under Federal Rule of Civil Procedure 62(d) for an order modifying the Court's March 2024 preliminary injunction of the benefits provision of Section 42 of the Illinois Day and Temporary Labor Services Act ("DTLSA"), 820 ILCS 175/42, to take into account recent legislation amending and superseding this provision. Alternatively, Plaintiffs ask that the Court issue an indicative ruling with respect to this Motion under Federal Rule of Civil Procedure 62.1. In support of this Motion, Plaintiffs state as follows:

1. On August 4, 2023, Governor J.B. Pritzker signed into law H.B. 2862, which, among other things, added Section 42 to the DTLSA. *Bill Status of HB2862*, Ill. Gen. Assemb., https://shorturl.at/uu6cu. Section 42 relevantly required day and temporary labor service agencies, as defined by 820 ILCS 175/5, to pay or provide to their day or temporary laborer employees the

---

[1] Plaintiffs recognize that the Court stayed district court proceedings pending appeal. (ECF No. 56.) But given the exigent circumstances surrounding the new legislation that is the subject of this Motion, Plaintiffs have filed this Motion concurrently with their Unopposed Motion to Temporarily Lift the Stay (ECF No. 58).

"equivalent benefits" or "the hourly cash equivalent of the actual cost [sic] benefits" provided to comparable directly hired employees of these agencies' third-party clients (the "Original Benefits Provision"). H.B. 2862 (P.A. 103-0437), 103rd Gen. Assemb. § 42 (Ill. 2023) (codified at 820 ILCS 175/42), https://shorturl.at/cXVYR.

2. On November 22, 2023, Plaintiffs Staffing Services Association of Illinois, American Staffing Association, ClearStaff Inc., M.M.D. Inc. d/b/a The AllStaff Group, and TempsNow Employment and Placement Services LLC (together, the "Staffing Associations") filed this lawsuit, which pertinently asked the Court to find that the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*, ("ERISA") preempts the Original Benefits Provision and to enjoin its enforcement. (ECF No. 1, ¶¶ 68–75, 94(A).[2]) To that end, on December 21, 2023, the Staffing Associations filed a motion for preliminary injunction. (ECF No. 21.)

3. After full briefing and a hearing, on March 11, 2024, the Court issued a decision, which, in relevant part, granted the Staffing Associations' motion in connection with the Original Benefits Provision (the "Decision"). (ECF No. 45.) Shortly thereafter, on March 18, 2024, the Court issued an order effectuating the Decision (the "Order"). (ECF No. 46.)

4. Defendant appealed. (*See* ECF No. 48.) After Defendant filed her opening brief, the Illinois Legislature passed, and the Governor signed, S.B. 3650, which relevantly superseded the Original Benefits Provision and was effective upon signing (the "New Benefits Provision"). *See, e.g.*, S.B. 3650 (P.A. 103-1030), 103rd Gen. Assemb. § 42 (Ill. 2024), https://shorturl.at/YcDpR; *Bill Status of SB3650*, Ill. Gen. Assemb, https://shorturl.at/8eWDj.

5. Defendant subsequently issued a bulletin stating that the Decision and Order enjoins the New Benefits Provision. Ill. Dep't of Lab., *Bulletin for Day and Temporary Labor*

---

[2] "ECF No. x" refers to documents in this Court's docket. "Dkt. No. x" refers to documents in the Seventh Circuit docket for the interlocutory appeal in this matter, Case No. 24-1450.

2

*Services Agencies: Illinois Day and Temporary Labor Services Act (IDTLSA)* (Aug. 13, 2024) ("*\*NOTE: The 'equal benefits' part of the law remains enjoined by the courts and is not currently being enforced by the [Illinois] Department [of Labor].*" (emphasis in original)), https://shorturl.at/ijQca.

6. Despite this formal statement, there remains the possibility that judges on the Seventh Circuit, or other third parties, may decide that the New Benefits Provision is not clearly enjoined because, as further explained in the accompanying Memorandum, S.B. 3650 changed the Original Benefits Provision and the Decision and Order specifically addressed the language of the now-superseded Original Benefits Provision, and not that of the New Benefits Provision. Given this, and the Staffing Associations' concern that the New Benefits Provision could potentially moot the appeal, the Staffing Associations filed an unopposed motion asking the Seventh Circuit to extend its briefing deadlines so they could file the instant Motion. (*See generally* Dkt. No. 18.) The Seventh Circuit granted that motion the same day it was filed. (Dkt. No. 19.)

7. As further detailed in the accompanying Memorandum, the New Benefits Provision, while similar to the Original Benefits Provision for purposes of the ERISA preemption analysis, is more difficult for day and temporary labor service agencies to comply with than the Original Benefits Provision. The New Benefits Provision therefore modifies the preliminary injunction analysis by making it even more obvious that an injunction is proper based on ERISA preemption. Consequently, the Staffing Associations ask that the Court exercise its discretion under Rule 62(d) and modify the Decision and Order to reflect the changes made by S.B. 3650 and clearly enjoin the New Benefits Provision.

8. While the Staffing Associations believe the Court has jurisdiction to make this requested modification despite the pending appeal of the Decision and Order, to the extent the

3

Court disagrees, the Staffing Associations request that the Court enter an order under Rule 62.1 stating that the Court would grant this Motion if the Seventh Circuit remanded for that purpose or that the Motion raises a substantial issue.

9. Counsel for the Staffing Associations has conferred with counsel for Defendant regarding this Motion. Counsel for Defendant objects to the Motion. The parties therefore conferred regarding a briefing schedule and have agreed to file a joint submission proposing a briefing schedule within two business days of this Motion's filing.

DATED: August 30, 2024

Respectfully Submitted,

/s/ *Matthew T. Furton*

Matthew T. Furton
(mfurton@lockelord.com)
Julie C. Webb
(jwebb@lockelord.com)
Heidi L. Brady
(heidi.brady@lockelord.com)
Joshua A. Skundberg
(josh.skundberg@lockelord.com)
Locke Lord LLP
111 South Wacker Drive
Chicago, IL 60606

AND

Carl C. Scherz, *Pro Hac Vice*
(cscherz@lockelord.com)
Locke Lord LLP
2200 Ross Avenue
Dallas TX, 75201
*Attorneys for Plaintiffs*

AND

Bradley S. Levison
(brad@hlhlawyers.com)
Herschman Levison Hobfoll PLLC

4

> 401 S. LaSalle St.
> Ste. 1302G
> Chicago, IL 60605
> *Attorney for Plaintiff M.M.D. Inc. d/b/a The AllStaff Group*